IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WIGBERTO TORRES FIGUEROA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 20-346-E |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

AND NOW, this 10th day of March, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[1] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2] Plaintiff raises two arguments as to why he believes his case was wrongly decided.  First, he argues that his case was adjudicated by an unconstitutionally appointed Administrative Law Judge ("ALJ") and, as such, should be remanded for a new hearing with a different,

1

constitutionally appointed ALJ. He asserts, in the alternative, that the ALJ erred with respect to his assessment of the consultative examiner's opinion and in formulating Plaintiff's residual functional capacity ("RFC"). For the reasons explained below, the Court finds his arguments unpersuasive and will order summary judgment in Defendant's favor, thus affirming the ALJ's decision.

Citing to the United States Supreme Court's decisions in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018) and *Carr v. Saul*, 141 S. Ct. 1352 (2021), Plaintiff contends that ALJ Wood was unconstitutionally appointed at the time of the first hearing in September 2017 and when he issued a decision on January 8, 2018 (R. 124-33) denying Plaintiff's claim for benefits. Neither the parties nor this Court dispute this fact; however, the January 8 decision was vacated, and the case was remanded back to ALJ Wood, by the Appeals Council on January 31, 2019. (R. 138-42). Prior to this remand, on July 16, 2018, the Acting Commissioner reappointed the ALJs of the Social Security Administration under her own authority. *See* S.S.R. 19-1p, 2019 WL 1324866 (S.S.A.), at *2. Upon remand, ALJ Wood conducted new hearings and issued the decision now before the Court (R. 10-23). Accordingly, the ALJ was properly appointed during the entirety of the administrative adjudication of this case after the Appeals Council vacated the earlier decision.

Plaintiff does not dispute any of this, but he insists that he was entitled to have his case assigned to a second, different ALJ when the Appeals Council remanded the matter. He therefore argues that it was improper for the case to have been assigned to ALJ Wood on remand based on the Supreme Court's decision in *Lucia.* The Court disagrees. The remedy in *Lucia* was prompted to incentivize litigants to raise Appointments Clause challenges, and the Supreme Court observed that "[w]e best accomplish that goal by providing a successful litigant with a hearing before a new judge. That is especially so because … the old judge would have no reason to think he did anything wrong on the merits … and so could be expected to reach all the same judgments." 138 S. Ct. at 2055 n.5. Here, though, Plaintiff did not raise the appointment issue before the Appeals Council, and this issue was not the basis for the Appeals Council's January 31, 2019 remand. Rather, ALJ Wood's initial decision was vacated by the Appeals Council on the merits, and he was instructed to reconsider several substantive issues and, if necessary, to obtain new evidence. (R. 138-42). Therefore, ALJ Wood could not have simply reached "all the same judgments" on remand. Thus, the *Lucia* Court's reasoning is inapplicable here, and, consequently, Plaintiff's Appointments Clause objection lacks merit. *See Camille B. v. Kijakazi*, No. 20-262, 2021 WL 4205341, at * 3 (E.D. Va. Sept. 15, 2021); *Govachini v. Comm'r of Soc. Sec.*, No. 19-1433, 2020 WL 5653339, at *1 n.1 (W.D. Pa. Sept. 23, 2020).

Plaintiff argues, in the alternative, that the ALJ erred in crafting his RFC because he failed to properly analyze the opinion of consultative examiner Tammy Connell, M.A, in light of the record evidence. Following her examination of Plaintiff, Ms. Connell opined that Plaintiff had no impairment with respect to the ability to understand and remember or carry out simple instructions; mild impairment concerning the ability to make judgments on simple work-related decisions; moderate impairment as to the ability to understand and remember complex instructions; and marked impairment in carrying out complex instructions and making judgments on complex work-related decisions. (R. 1158). Ms. Connell also stated that Plaintiff's ability to

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 21) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 25) is GRANTED, as specified above.

s/Alan N. Bloch<br>United States District Judge

ecf:  Counsel of record

---

interact appropriately with the public, with supervisors, and with co-workers was markedly impaired, as was his ability to respond appropriately to usual work situations and to changes in routine work settings. (R. 1159). ALJ Wood gave great weight to Ms. Connell's opinions regarding Plaintiff's abilities regarding understanding, remembering, and carrying out instructions and work-related decisions, explaining that these findings were consistent with Plaintiff's presentation during the consultative examination and his relatively normal mental status examinations. (R. 21). In contrast, the ALJ "little weight" with respect to the conclusion that Plaintiff had marked limitations in interacting with others and in responding to changes in work settings. The ALJ explained that Plaintiff had routinely "been cooperative, made fair eye contact, and exhibited normal speech, thought processes, insight, and judgment," which was inconsistent with marked limitations. (R. 21). Plaintiff contends that the ALJ's assessment, particularly regarding his ability to interact with others, was not supported by substantial evidence.

The Court disagrees and finds that substantial evidence supports the ALJ's conclusions and that his decision allows for meaningful judicial review. Indeed, the ALJ considered all of the evidence as to Plaintiff's mental health limitations, discussing the clinical findings and Plaintiff's treatment history, as well as his activities of daily living. As the ALJ noted, Plaintiff "routinely presented with abnormal moods, but has been cooperative, made fair eye contact, and exhibited normal speech, thought processes, insight, and judgment." (R. 21). Additionally, the ALJ observed that Plaintiff indicated that his mood improved with medication and that he remained capable of performing his activities of daily living. (R. 20). He also considered the opinion proffered by Dr. Ostrich, the state agency psychologist, that Plaintiff had no limitations with respect to interacting with others. (R. 21, 116). The ALJ gave this opinion significant, but not great weight, concluding that "the totality of the evidence suggests that some degree of limitation in this area is appropriate when considering both the claimant's clinical presentation and subjective reports." (R. 21). The ALJ concluded from the totality of this record that Ms. Connell's opinions regarding Plaintiff's social limitations were "not consistent with marked limitations." (R. 21). The ALJ's reasoning accords with the regulations and is supported by substantial evidence. *See* 20 C.F.R. § 416.927. Indeed, the ultimate RFC findings regarding Plaintiff's ability to interact with others is arguably closer to the opinion of Ms. Connell than to that of Dr. Ostrich.

For the foregoing reasons, the Court finds the Commissioner's final decision is consistent with the applicable law and is supported by substantial evidence. The Court therefore affirms.